## MARY F. ELDER *vs.* DWIGHT MANUFACTURING COMPANY.

The *St.* of 1852, *c.* 94, § 22, which provides that the police court of Springfield " shall have original jurisdiction of all suits and actions which may now or at any time hereafter be heard, tried and determined before any justice of the peace in the county of Hampden, and exclusive jurisdiction whenever all the parties reside in Springfield, and service of the writ is had on the defendant in said county; and no writ, in any such action or suit, shall be made returnable before any justice within said city of Springfield, but to said police court only," takes away the jurisdiction of justices of the peace to try any civil action whatever within the limits of Springfield.

A motion to dismiss a case, for want of jurisdiction in the justice of the peace before whom it was commenced and tried, may be first made in the court of common pleas on appeal from the judgment of the justice.

On the dismissal by this court, on appeal, of an action which was dismissed by the court of common pleas for want of jurisdiction, the defendant is entitled to costs.

ACTION OF CONTRACT brought by an inhabitant of Chicopee against a manufacturing corporation established and having its place of business at Chicopee, to recover $11.17 for wages, commenced before William L. Smith, Esquire, a justice of the peace for the county of Hampden, and returnable at his office in Springfield, where the defendants appeared, and the justice, after a trial, gave judgment for the plaintiff.

The defendants appealed to the court of common pleas, and there moved that the case be dismissed, for the reason that the magistrate from whose decision the appeal was taken had no jurisdiction of the case, and that his proceedings thereon were void, being contrary to law, and to the statute incorporating the city of Springfield, within whose limits the magistrate resided, and held the court at which said proceedings were had. *Perkins*, J. ordered the action to be dismissed, and that the defendants recover judgment for their costs. The plaintiff appealed to this court.

*E. W. Bond,* for the plaintiff. 1. The provision in § 22 of the "act to establish the city of Springfield," *St.* 1852, *c.* 94, that " no writ, in any such action or suit, shall be made returnable before any justice of the peace within said city of Springfield, but to the police court only," refers only to those actions and suits of which, by the clause immediately preceding, the police

court is to have " exclusive jurisdiction, whenever all the parties reside in Springfield, and service of the writ is had on the de fendant in the same county." The clause restrictive of the juris diction of justices of the peace is to be construed strictly ; there is no reason for the construction contended for ; and such con struction would give the police court broader exclusive jurisdic tion in civil, than in criminal cases.

2. The defendants, by not making their objection until the case came into the court of common pleas, must be deemed to have waived it.

3. If the justice before whom this action was returnable had no jurisdiction, this court cannot take cognizance of the case, for where the court below had no jurisdiction, an appeal will not lie ; and the most that this court can do is to quash the pro ceedings without costs. *Osgood* v. *Thurston*, 23 Pick. 110. *Williams* v. *Blunt*, 2 Mass. 207. *Clark* v. *Rockwell*, 15 Mass. 221.

*J. Wells & G. M. Stearns*, for the defendants.

SHAW, C. J.* This suit is of no great public importance, ex cept as it involves a point of practice interesting to the inhabi tants of Springfield. It turns wholly upon the construction of the act constituting Springfield a city. The facts are plain and simple. It was an action to recover a sum under twenty dollars, brought before a justice of the peace, dwelling and holding his court in the city of Springfield, in favor of a plaintiff domiciled in the town of Chicopee, against a corporation established and having its place of business in Chicopee. The question is, whether this magistrate had jurisdiction. The *St.* of 1852, *c.* 94, to establish the city of Springfield, § 22, after providing for the establishment of a police court, states its civil jurisdiction thus : " The said police court shall have original jurisdiction and cog nizance of all suits and actions which may now, or at any time hereafter, be heard, tried and determined before any justice of the peace in the county of Hampden, and exclusive jurisdiction whenever all the parties reside in Springfield, and service of the writ is had on the defendant in said county ; and no writ, in any such action or suit, shall be made returnable before any justice within said city of Springfield, but to said police court only."

* BIGELOW, J. did not sit in this case.

This is the whole provision bearing upon this subject, and it appears to us that the true intent and purpose, as well as the plain grammatical construction of the terms, was to vest the right and jurisdiction of the trial of civil actions of which, by law, a justice of the peace has cognizance, in the police court; and by clear, strong, negative terms, to supersede the jurisdiction of trying and deciding civil actions within the limits of Springfield, which would otherwise have vested in the justices of the peace of the county, including, of course, those residing and holding courts in Springfield.

The provision of the statute appears to us to intend giving exclusive jurisdiction in civil actions to the police court in two classes of cases, viz: first, all where both parties reside in Springfield; and secondly, all cases which shall be heard, tried and determined within the limits of that city. The former is accomplished by giving exclusive jurisdiction to the police court in terms, and the latter by excluding the jurisdiction of all other magistrates, except where it had already attached. It is argued on the part of the plaintiff, that in construing the clause, " no writ in any such action," the term " such action " must be limited to those of which exclusive jurisdiction is given; but we think that would be a forced construction. " Such " is a word of reference, and to understand it, we must look to its antecedents. Going back to the commencement of the paragraph, the object plainly is to give to the police court all the jurisdiction in civil actions which justices of the peace of the county had, or thereafter might have, and these words are, " all suits and actions" cognizable by a justice of the peace; then, by a parenthetical clause, certain of those actions are singled out, and exclusive jurisdiction of them given; then the clause follows, " and service of the writ is had," &c., which qualifies, we think, the general enumeration " all actions," &c., and not the excepted exclusive cases. We say this, because it is a qualification appropriate to the whole class, and conformable to the general policy of the law, that a defendant shall not be summoned out of his own county on a justice's writ, unless he is personally served with process within it; and, as a qualification to the cases

where all the parties reside in Springfield, it would have no ap
plication. Besides; applying such qualification to all suits and
actions, and not to the cases excepted, is most consistent with
the grammatical construction. Then the term " no writ, in any
such action or suit," must extend to all the actions enumer-
ated in the preceding part of the paragraph, and include all
civil actions cognizable by justices of the peace of Hampden
county.

2. But the defendant objects that the exception comes too
late; and that, because the defendant did not claim it before the
magistrate, he waived the exception. This objection would have
much force if the exception lay to any defect of form, which
might be amended, or any want of regularity in the service,
which the defendant may take advantage of or not, and which,
by pleading to the merits, he must be deemed to have waived.
But where the objection is, that the court never had any authority
to issue any process, or any jurisdiction over the subject or
the parties, the proceeding is void. The practice act, *St.* 1852,
c. 312, § 22, directing that no motion in arrest shall be made, or
error assigned, for any matter existing or occurring before ver-
dict, excepts objections to the jurisdiction, and carries a strong
implication that all such objections may be taken at any time,
before or even after judgment.

This distinction is founded on sound principle. If a person
should issue process as a justice of the peace, who was never ap-
pointed, or was, for any cause, incapable of exercising any judicial
function over the persons or the subject, it would be clearly void.
No amendment, no correction of any kind which could be made,
could make it good. It is *coram non judice*, and the appearance
of the defendant could not confer jurisdiction. *Richardson* v.
*Welcome*, 6 Cush. 333. Where it was held that a motion to dis-
miss could not be made after the first term, or after pleading to
the merits, an objection to the original jurisdiction was consid-
ered an exception. *Simonds* v. *Parker*, 1 Met. 508.

3. Another ground taken by the plaintiff is, that if the justice
before whom the action was returnable had no jurisdiction, this
court cannot take cognizance of the case, and no appeal will

lie; and that the most the court can do, in such a proceeding, is to quash the proceedings, without costs.

It appears to the court here that this is founded on a mistaken view, and that the cases cited by the plaintiff to support these · propositions, the latest of which is *Osgood* v. *Thurston*, 23 Pick. 110, afford no authority for these positions.   Since those cases were decided, the law has been considerably changed, by statute and by judicial determination, in regard to a judgment for costs, where that judgment has been founded on want of original jurisdiction.   *Cary* v. *Daniels*, 5 Met. 236.   *Jordan* v. *Dennis*, 7 Met. 590.   And the matter was more fully considered, and the decision placed on the right principle, in the case of *Hunt* v *Hanover*, 8 Met. 343.   That principle is, that where a writ is served, returned and entered by the plaintiff, the defendant has a right to appear to save his own rights, and avoid even an erroneous judgment against him ; and if he does appear, and contest the jurisdiction, the court must hear the parties, and adjudicate on the question whether it has jurisdiction or not; and if it is decided there, or upon an appeal, which the losing party has a right by law to take, that the original court had no jurisdiction, then the defendant is the prevailing party, and within the provision of the Rev. Sts. *c.* 121, § 1, providing that, in all civil actions, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law.          °          *Suit dismissed, with costs.*